10-4910-cr
*United States v. Koschuk*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16ᵗʰ day of May, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
         RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*,
         J. GARVAN MURTHA,
                  *District Judge.*\*

---

UNITED STATES OF AMERICA,

        *Appellee*,

    -v.-                              10-4910-cr

CHAD KOSCHUK,

        *Defendant-Appellant.*

---

FOR APPELLANT:    JULIA PAMELA HEIT, New York, NY.

FOR APPELLEE:    ANTHONY M. BRUCE, Assistant United States Attorney (W. Seth Calleri, Student Law Clerk, *on the brief*), *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

---

\*The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

Appeal from the United States District Court for the Western District of New York (Skretny, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Western District of New York be **AFFIRMED**.

Appellant Chad Koschuk appeals from a judgment of the United States District Court for the Western District of New York (Skretny, *C.J.*). Koschuk was convicted after a jury trial of threatening to cause bodily injury to a witness with the intent to retaliate against him for providing information at an official proceeding and providing to a law enforcement officer information relating to the possible commission of a federal offense in violation of 18 U.S.C. § 1513(b). The district court sentenced Koschuk principally to 18 months' incarceration. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Koschuk raises a number of arguments on appeal. He first contends that the evidence was insufficient to convict him of the charge. A criminal defendant challenging the sufficiency of the evidence supporting a conviction bears a heavy burden. *United States v. Brown*, 937 F.2d 32, 35 (2d Cir. 1991). "[T]he relevant question [on appeal] is

2

whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). From our review of the record, there was more than sufficient circumstantial evidence from which a jury could reasonably infer that Koschuk threatened Macken with bodily injury and that Koschuk was aware that Macken was a witness and had provided information about a federal offense to law enforcement agents. *See United States v. Draper*, 553 F.3d 174, 180 (2d Cir. 2009).

Koschuk next claims that his statement to Macken enjoys First Amendment protection. That argument is without merit. True threats are not protected by the First Amendment. *See, e.g., United States v. Malik*, 16 F.3d 45, 50-51 (2d Cir. 1994). On the basis of the evidence presented to it, the jury could conclude that Koschuck's statements to Macken constituted a threat of bodily injury. Notably, Koschuk's trial counsel conceded as much before the district court.

Similarly unavailing is Koschuk's contention that his conviction must be reversed on the basis of two unobjected-to comments by the Assistant United States Attorney during

3

summation.  "A defendant bears a substantial burden in arguing for reversal on the basis of prosecutorial misconduct in the summation."  *United States v. Caracappa*, 614 F.3d 30, 41 (2d Cir. 2010).  Generally, "[i]n determining whether an inappropriate remark amounts to prejudicial error, we look to the severity of the misconduct, the measures adopted to cure the misconduct, and the certainty of conviction absent the misconduct."  *Id.* (internal quotation marks omitted).  Where the defendant does not object to the government's summation, we will reverse only for "flagrant abuse."  *United States v. Zichettello*, 208 F.3d 72, 103 (2d Cir. 2000).  To reverse a conviction on the basis of the government improperly commenting on the defendant's failure to testify at trial, the comment, viewed in context, must be "of such a character that the jury would *naturally and necessarily* take it to be a comment on the failure of the accused to testify."  *United States v. Pitre*, 960 F.2d 1112, 1124 (2d Cir. 1992) (internal quotation marks omitted) (emphasis added).  We are satisfied that the prosecutor's comments did not run afoul of these legal principles.

After a thorough review of the record, we find Koschuk's remaining arguments-including the argument that his below-Guidelines sentence of 18 months' incarceration is substantively unreasonable-to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk